996 So.2d 282 (2008)
In re Cedric RICHMOND.
No. 2008-B-0742.
Supreme Court of Louisiana.
December 2, 2008.
*283 Charles Bennett Plattsmier, Robert Samuel Kennedy, Jr., for Applicant.
Elie, Jones & Associates, Ernest Lake Jones, Cedric Levon Richmond, for respondent.

ATTORNEY DISCIPLINARY
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Cedric Richmond, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
In 1999, respondent was elected to the Louisiana House of Representatives. He was re-elected in 2003. On February 11, 2005, respondent filed a "Notice of Candidacy" (qualifying form) declaring his intent to run in the April 2, 2005 special election for the office of New Orleans City Council, District D. On the qualifying form, respondent identified his "domicile address" as 8701 Lomond Road in New Orleans. The *284 Notice of Candidacy, which must be executed before a notary public or witnessed by two persons who are registered to vote for the office the candidate seeks, requires that the candidate certify under oath to ten statements, including the following:
I meet the qualifications of the office for which I am qualifying; I have read this Notice of Candidacy; and all of the statements contained in it are true and correct.
On February 28, 2005, Marilyn Landiak, a registered voter in Council District D, filed suit to challenge respondent's candidacy, asserting that he had not been domiciled in District D for at least two years prior to the scheduled April 2, 2005 election, as required by the New Orleans Home Rule Charter. According to the petition, respondent's true domicile during most of the requisite two-year period was not the residence on Lomond Road, as indicated on the February 11, 2005 Notice of Candidacy, but was rather a residence respondent co-owned with his brother, located at 4809 Eastview Drive in New Orleans, which is outside of Council District D. Ms. Landiak's petition listed numerous pieces of documentary evidence supporting her claims, including, among other items, the Notice of Candidacy filed by respondent when he qualified for re-election to his House seat. That Notice of Candidacy, filed on August 19, 2003 (and thus within the two-year period immediately preceding the Council election) identified respondent's "domicile address" as 4809 Eastview Drive.
Following a trial on the merits, at which respondent testified that his domicile during the relevant time frame was the home on Lomond Road, the district court rendered judgment in favor of respondent, denying Ms. Landiak's request to disqualify his candidacy. A divided five-judge panel of the court of appeal subsequently affirmed. Landiak v. Richmond, 05-0385 (La.App. 4th Cir.3/17/05), 900 So.2d 191. This court granted writs and heard oral argument on March 23, 2005. Landiak v. Richmond, 05-0758 (La.3/23/05), 897 So.2d 586. The next day, the court issued a decree rendering judgment in favor of Ms. Landiak, unanimously declaring respondent ineligible as a candidate for the office of Council District D. Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535.

DISCIPLINARY PROCEEDINGS
In September 2006, the ODC filed one count of formal charges against respondent, alleging that he violated the Rules of Professional Conduct when he declared under oath that he was domiciled in Council District D for at least two years prior to the April 2, 2005 election. Specifically, the ODC contended that respondent made knowingly and materially false statements when he represented in his February 11, 2005 Notice of Candidacy and in pleadings and oral testimony in the election contest that his "domicile address" for the requisite two-year period was 8701 Lomond Road, inasmuch as he had represented in his August 19, 2003 Notice of Candidacy that his "domicile address" was 4809 Eastview Drive. The ODC alleged that respondent's conduct in this regard violated Rules 3.1 (meritorious claims and contentions), 3.3 (candor toward the tribunal), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent answered the formal charges and denied any misconduct.

Joint Stipulation of Facts
Prior to the hearing on the formal charges, respondent and the ODC entered into a joint stipulation of facts, as follows:
1. The findings of fact and statements of law as expressed by the Louisiana Supreme Court in Landiak v. *285 Richmond, et al., 05-0758 (La.3/24/05), 899 So.2d 535, are controlling and binding on the parties in the presentation of their evidence and the committee in its deliberations and recommendations to the Disciplinary Board and to the Court.
2. In his February 2005 "Notice of Candidacy" for New Orleans City Council District "D" the respondent identified 8701 Lomond Ave., New Orleans, La. as his domicile address.
3. At the time he executed the Notice of Candidacy form (referred to in No. 2 above) the respondent understood and was aware that the eligibility requirements of the New Orleans Home Rule Charter required him to be domiciled in District "D" for the two years prior to the April 2005 election.
4. The respondent purchased property located at 4809 Eastview Drive, New Orleans, Louisiana in 1996 and shortly thereafter established a residence at that address. The property located at 4809 Eastview Drive was not situated within the geographical boundaries of City Council District D on the date the respondent filed for candidacy for that elective office.
5. In 1997, the respondent filed an application with the Orleans Parish registrar of voters seeking to change his address for voting purposes from 8701 Lomond Ave., New Orleans, La. to 4809 Eastview Drive, New Orleans, La.
6. The respondent personally claimed a homestead exemption on 4809 Eastview Drive, New Orleans, La. for calendar years 2003 and 2004 until December 2004, and certified under oath that he resided at that address.
7. In an August 2003 "Notice of Candidacy" form executed by Respondent, the respondent swore under oath that his domicile address was 4809 Eastview Drive, New Orleans, La.
8. The respondent identified 4809 Eastview Drive, New Orleans, La. as his "Secondary Bar Registration Address" in filings with the Louisiana State Bar Association in 2004 and 2005. He changed his secondary address to 8701 Lomond Ave. in his 2006 registration statement. His primary address (identified as his law office) remained unchanged as 5437 Crowder Blvd.
9. In early 2003, Cedric Richmond returned to 8701 Lomond Road full time to help care for his stepfather who was ill.
10. Both 8701 Lomond Road and 4809 Eastview Drive are within Representative District 101 which was the district Respondent was a candidate to represent in 2003.

Hearing Committee Report
This matter proceeded to a formal hearing, following which the hearing committee filed its report with the disciplinary board. In its report, the hearing committee focused on the 2003 and 2005 Notice of Candidacy qualifying forms which respondent signed under oath representing that, "I have read this Notice of Candidacy; and all of the statements contained in it are true and correct." The committee noted that these two documents cannot be reconciled, a fact which respondent conceded in his testimony before the committee. Specifically, in the 2003 Notice of Candidacy for State Representative, 101st Representative District, respondent attested that *286 his "domicile address" was 4809 Eastview Drive. This Notice is dated August 19, 2003. In his 2005 Notice of Candidacy for Councilmember, District D, respondent attested that his "domicile address" was 8701 Lomond Road.[1] This Notice is dated February 11, 2005. Respondent conceded in his testimony that he understood he was representing in his 2005 Notice of Candidacy that he had been domiciled at 8701 Lomond Road for at least two years prior to his submission of the Notice.[2] The committee concluded, therefore, that respondent represented under oath that he was domiciled and/or residing at both locations from at least February 11, 2003 through August 19, 2003 (the overlapping time periods).
Finding this conflict in the documents is clear and incontrovertible, the committee determined the real issue is respondent's intent and whether he intended to misrepresent and falsify his domicile. Addressing that issue, the committee noted that respondent's explanation(s) for the different addresses indicated on the qualifying forms as his domicile seemed to vary. He initially testified that it was not clear to him that the Notice of Candidacy forms requested his "domicile address." Rather, respondent insisted that the clerk simply asked him where he was registered to vote and filled in that address as his domicile without his knowledge on all qualifying forms prior to 2005.[3] Indeed, respondent repeatedly testified that he is not sure he ever noticed that "domicile" was requested on any of the four Notice of Candidacy forms he signed under oath between 1997 and 2005.[4] This was respondent's explanation for listing 4809 Eastview Drive on the 2003 Notice of Candidacy.
The committee rejected this explanation, reasoning that to accept respondent's testimony, one would have to believe that respondent (a) never saw the reference to "domicile address" on the Notice of Candidacy forms he submitted in 1997, 2000, or 2003; (b) did not understand the difference between domicile and residence, which he specifically testified at the civil trial that he did understand; and (c) somehow believed that no declaration of domicile was required on the qualifying form.[5] *287 The committee concluded that none of these assertions are believable. The committee also commented that respondent's testimony "concerning the Notice of Candidacy forms and his domicile was not believable. It appeared to vary to fit the circumstances, and in each case, exonerated him of responsibility."
Turning to the rule violations alleged in the formal charges, the committee found that in light of the lower court rulings favorable to respondent in the Landiak case, it was constrained to conclude that respondent did not violate Rule 3.1 of the Rules of Professional Conduct. As to Rules 3.3 and 8.4(c), the committee determined the ODC carried its burden of proving by clear and convincing evidence that respondent had the necessary animus required to violate these rules. Specifically, the committee found that respondent was aware of the domicile requirements each time he qualified for public office and that he knowingly filed sworn statements reflecting a domicile in the 2005 council race which most fitted his need at the time but which was not accurate.
The committee did not make any specific findings regarding aggravating and mitigating factors. However, in a section of its report entitled "Mitigation Considerations," the committee commented that it was "troubled" by testimony at the hearing that Ms. Landiak's counsel had tried without success to collect from respondent some $5,000 in court costs awarded to Ms. Landiak in the civil case.[6] Furthermore, the committee noted that after this court released its judgment in Landiak respondent initially encouraged his constituents to ignore the ruling and to vote for him anyway. Finally, the committee observed that respondent at no time acknowledged any misrepresentations or false statements in any of his testimony and/or documents. Instead, and rather consistently, he tried to shift blame to others, which approach began at the civil trial and continued at the hearing before the hearing committee.
Considering these findings, the committee recommended that respondent be suspended from the practice of law for one year, with six months deferred.
Neither respondent nor the ODC filed a response to the hearing committee's report.

Disciplinary Board Recommendation
The disciplinary board found the hearing committee's factual findings are not manifestly erroneous and adopted same. The board made the following determinations concerning the alleged violations of the Rules of Professional Conduct:
Rule 3.1Respondent did not violate Rule 3. 1, which provides that a lawyer shall not make a frivolous defense to a lawsuit. Respondent defended the lawsuit challenging his candidacy for Council District D by asserting his intent to be domiciled at 8701 Lomond Road. Although this court ultimately ruled against him based on the documentary evidence, the court's discussion of the applicable legal principles indicates that "intent" is an element of determining where a party is domiciled. Therefore, respondent's testimony in the civil trial as to his intent to be domiciled at 8701 Lomond Road cannot be considered a frivolous defense in violation of Rule 3.1.
Rule 3.3Respondent violated Rule 3.3, which provides that a lawyer shall not make a false statement of fact or law to a tribunal. In the 2005 Notice of Candidacy, respondent swore that he was domiciled at 8701 Lomond Road for the requisite two-year period prior to the April 2, 2005 *288 election date. However, in the 2003 Notice of Candidacy, respondent swore on August 19, 2003 that he was domiciled at 4809 Eastview Drive. Therefore, the statement of domicile in the 2005 candidacy form was false. The documentary evidence and testimony indicates that this false statement was made knowingly.
Rule 8.4(c)Respondent violated 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent engaged in such conduct when he knowingly made the false statement of domicile in the 2005 candidacy form and when he refused to withdraw his candidacy, requiring a contentious and expensive court battle.
The board found that respondent knowingly violated duties owed to the public and the legal system. Respondent made a false statement in an affidavit when he signed the 2005 Notice of Candidacy form stating that he was domiciled at 8701 Lomond Road. Respondent refused to acknowledge or correct this misrepresentation during the civil trial that challenged his candidacy. Instead, he tried to blame other parties or twisted his testimony to suit the circumstances. Furthermore, respondent is an elected official, representing the 101st legislative district in the Louisiana House of Representatives. He refused to acknowledge the qualifying rules regarding domicile in the election for Council District D. The resulting civil trial challenging respondent's candidacy burdened the legal system unnecessarily. Under the ABA's Standards for Imposing Lawyer Sanctions, the board found the baseline sanction for respondent's misconduct is a suspension from the practice of law.
The board determined that the record supports the aggravating factors of refusal to acknowledge the wrongful nature of the conduct and a dishonest or selfish motive. As mitigating factors, it recognized the absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and inexperience in the practice of law (admitted 1998).
Considering these factors, the board majority recommended that respondent be suspended from the practice of law for six months, with all but sixty days deferred. Four board members dissented and would recommend that respondent be suspended from the practice of law for at least one year and one day, necessitating an application for reinstatement.
Both respondent and the ODC filed objections to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on the stipulations and the other evidence in the record, it is undisputed that respondent filed a Notice of Candidacy *289 in 2005 in which he swore under oath that he had been domiciled at 8701 Lomond Road for two years prior to the April 2, 2005 election for the office of New Orleans City Council, District D. However, on August 19, 2003a date within the requisite two-year period prior to the City Council electionrespondent filed a Notice of Candidacy in which he swore under oath that he was domiciled at 4809 Eastview Drive. We find respondent's statement of domicile in the 2005 qualifying form was false, and that after his candidacy for office was challenged, he made similarly false statements regarding his domicile in pleadings and oral testimony in the election contest. Moreover, we accept the hearing committee's factual finding that respondent's misconduct was knowing. See In re: Bolton, 02-0257 (La.6/21/02), 820 So.2d 548. Under these facts, respondent has violated Rules 3.3 and 8.4(c) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
This case is one of first impression in our bar disciplinary jurisprudence, as we have not previously addressed the appropriate sanction for an attorney who makes false statements in the context of qualifying for public office. However, our prior case law in analogous matters involving attorneys who have falsely notarized public documents suggests the appropriate baseline sanction ranges from six months to one year. See, e.g., In re: Landry, 05-1871 (La.7/6/06), 934 So.2d 694 (lawyer suspended for six months, with all but thirty days deferred, for having his secretaries sign affidavits of death and heirship, knowing they did not have the requisite knowledge of the decedent to do so); In re: Porter, 05-1736 (La.3/10/06), 930 So.2d 875 (lawyer suspended for one year for notarizing an affidavit verifying a petition which was not actually signed by the affiant); In re: Warner, 03-0486 (La.6/27/03), 851 So.2d 1029 (lawyer suspended for one year and one day for acting with fraudulent intent when he directed the daughter of his deceased personal injury client to sign her father's name on a release and settlement check).
We recognize the infractions in Landry, Warner and Porter took place in the context of the lawyers' practice of law, while respondent's misconduct in the instant case occurred while he was acting in his personal capacity. Because there was no potential for client harm from respondent's misconduct, his actions may be viewed as less egregious than the actions at issue in Landry, Warner and Porter. On the other hand, it is significant that respondent's conduct occurred while he was serving as a member of the Louisiana Legislature. We have previously held that an attorney occupying a position of public trust is held to a higher standard of conduct than an ordinary attorney. In re: Bankston, 01-2780 (La.3/8/02), 810 So.2d 1113.
In formulating an appropriate sanction, we are cognizant of several mitigating factors. In particular, we find respondent does not have any prior disciplinary record and was relatively inexperienced in the practice of law at the time of the misconduct. *290 He has also been cooperative throughout these disciplinary proceedings and enjoys a good reputation in the community.
Considering all these factors, we conclude the appropriate sanction for respondent's misconduct is a six-month suspension from the practice of law. However, in light of the mitigating factors, we will defer all but sixty days of the suspension, subject to the condition that any misconduct during a six-month period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Cedric Richmond, Louisiana Bar Roll number 25847, be and he hereby is suspended from the practice of law for six months. It is further ordered that all but sixty days of the suspension shall be deferred. Following completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for six months, subject to the condition that any misconduct during this period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
JOHNSON and VICTORY, JJ., dissent and assign reasons.
JOHNSON, Justice, dissenting and assigning reasons.
I respectfully dissent from the Court's finding that respondent's statement of domicile in the 2005 qualifying form was false. Thus, I do not find that the imposed discipline is warranted.
It is well settled in our jurisprudence that the concept of residency is different from that of domicile. While a person has only one domicile, he may have several residences. Gedward v. Sonnier, XXXX-XXXX (La.3/2/99), 728 So.2d 1265, citing Taylor v. State Farm Mut. Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965).
Louisiana law has traditionally held that domicile consists of two elements: residence and intent to remain. Becker v. Dean, 03-2493 (La.9/18/03), 854 So.2d 864. Whether a person is or is not a resident of a particular place is a question of law and fact and is to be determined from the facts of each particular case. Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La. 1981)
While I was recused from the underlying residency case considered by this Court,[1] I point out that both the trial judge and a majority of the court of appeal found that the Respondent's statement as to his domicile was not false. The trial judge found that Mr. Richmond had "shown through a series of witnesses and through his own testimony that his clear intent was to maintain a domicile at 8701 Lomond Road." The court of appeal affirmed, finding no error in the trial court's judgment.
In this matter, I agree with the trial court and the majority of the court of appeal in the underlying election case, which found that the Respondent's statement *291 as to his domicile was not false. As stated above, a person is allowed to have more than one residence, and the question of domicile becomes a legal issue. I do not find that the Respondent knowingly lied about his domicile, but, rather, made statements which were later found to be legally incorrect.
For the above reasons, I respectfully dissent.
VICTORY, J., dissenting.
I dissent from the majority opinion. I would impose a longer period of suspension on respondent.
NOTES
[1] 4809 Eastview Drive is not located in Council District D. Considering that all of respondent's prior candidacy notices listed the Eastview Drive address as his domicile, the committee found "the switch to Lomond Rd. was clearly made knowingly."
[2] As respondent was aware, this was a requirement of the New Orleans Home Rule Charter for the office for which he was qualifying.
[3] The committee noted respondent's hearing testimony to the effect that the qualifying process is very rushed and that the clerk's office tries to get candidates in and out very quickly, implying that any errors on his qualifying forms are somehow imputable to the clerk's office and not to him.
[4] In addition to the 2003 and 2005 Notices of Candidacy, respondent signed two other qualifying forms during the 1997-2005 time period, as follows: (1) In 1997, respondent filed a Notice of Candidacy for election to the office of New Orleans City Council, District E. This qualifying form, dated December 12, 1997, identified respondent's "domicile address" as 4809 Eastview Drive. (2) In 2000, respondent filed a Notice of Candidacy for election to the office of Democratic State Central Committee Member, 101st Representative District, Office B. This qualifying form, dated March 14, 2000, identified respondent's "domicile address" as 4809 Eastview Drive.
[5] Based upon respondent's testimony regarding his first run for public office in 1997 (when he qualified to run for New Orleans City Council District E, but withdrew his candidacy because he had not been domiciled in the district for the requisite period of time), the committee determined that respondent had long been aware "that public offices had domiciliary requirements and that proper and accurate domicile had to be indicated on the qualifying forms."
[6] During oral argument before this court in October 2008, respondent's counsel represented that the costs have since been paid to Ms. Landiak.
[1] Landiak v. Richmond, XXXX-XXXX (La.3/24/05), 899 So.2d 535.