PER CURIAM*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Yolanda Julie King, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon her conviction of a serious crime. In re: King , 16-0331 (La. 3/14/16), 186 So.3d 649 (Johnson, C.J., recused).
UNDERLYING FACTS
In February 2013, respondent qualified to run for Orleans Parish Juvenile Court, representing in her qualifying documents that she was domiciled in Orleans Parish. Respondent subsequently prevailed in a runoff election. In March 2014, a grand jury in Orleans Parish indicted respondent on two felony criminal charges arising out of allegations that she was actually domiciled in St. Tammany Parish and that she made false representations about her domicile when she qualified to run for judicial office.
Following the indictment, this court disqualified respondent from exercising any judicial function during the pendency of further proceedings. In re: King , 14-0924 (La. 5/15/14), 140 So.3d 711 (Johnson, C.J., recused). Prior to a final adjudication of the judicial discipline matter against respondent, she lost the status of a judge when she was defeated in the fall 2014 elections. As a result, the ODC assumed jurisdiction over respondent.
In November 2015, a jury found respondent guilty of both counts of the indictment. She was sentenced in February 2016 to a suspended jail sentence and probation.
Thereafter, respondent filed a motion for an out of time appeal of her criminal conviction, which motion was granted. The court of appeal then remanded the case to *1255 the trial court with instructions to conduct an evidentiary hearing on a claim of ineffective assistance of counsel. State v. King , 17-0123 (La. App. 4th Cir. 10/27/17), 231 So.3d 110.
Following remand, on December 18, 2017, respondent entered into a plea agreement, whereby the original convictions were vacated. In exchange, respondent pleaded guilty to a misdemeanor violation of La. R.S. 18:1461.3(C)(4) (disobeying any lawful instruction of a registrar, deputy registrar, or commissioner).[1]
DISCIPLINARY PROCEEDINGS
In March 2016, the ODC filed formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent initially failed to answer the formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence. Eight months later, respondent, through counsel, filed an unopposed motion to recall the deemed admitted order. She also sought a stay of the formal charge proceedings pending her criminal appeal. The motion and request for a stay were granted, and the deemed admitted order was recalled.
In April 2018, the ODC filed a supplemental and amending formal charge. Respondent filed an answer and admitted to the factual allegations and rule violations contained in the supplemental and amending formal charge. She also waived a formal hearing and requested the opportunity to submit a written argument on mitigation and appropriate sanction.
In her submission, respondent indicated that she is the sole caregiver for her eighty-eight year old mother and fifty-six year old brother, both of whom are disabled and in need of constant care. After respondent's sister passed away in November 2015, respondent moved to Atlanta, Georgia to take care of them. In May 2018, respondent was forced to move with them back to Louisiana due to financial hardship. During the process, they have been without any home healthcare or transportation assistance services.
Respondent argued that she possesses good character and reputation. In support, she submitted three character reference letters as well as a transcript of her deposition, wherein she testified about her lifetime involvement in church and volunteer work with various juvenile agencies.
Respondent suggested that this matter is guided by the court's ruling in In re: Richmond , 08-0742 (La. 12/2/08), 996 So.2d 282, wherein an attorney was found to have knowingly made false statements under oath regarding his domicile when he qualified as a candidate for public office. For his misconduct, the court suspended *1256 the attorney for six months, and in light of the mitigating factors present, deferred all but sixty days of the suspension. Respondent indicated that a similar sanction would be appropriate here, although, unlike Mr. Richmond, respondent did not occupy a position of public trust at the time of her conduct.[2] Respondent requested that any sanction be made retroactive to the date of her interim suspension, and requested that all costs and expenses associated with this proceeding be waived as she has been unemployed since December 2015.
In its submission on sanction, the ODC indicated that it could not stipulate to the presence of "personal problems" as a mitigating factor, inasmuch as there appeared to be no correlation between the acts of dishonesty by respondent in falsifying her domicile in the qualifying process and her mother's health problems and her brother's care needs. The ODC agreed that this matter is guided by Richmond , but noted that unlike respondent, Mr. Richmond was not criminally prosecuted for his conduct. The ODC suggested that respondent be suspended from the practice of law for one year, retroactive to the date of her interim suspension.
Hearing Committee Report
After considering the record, the hearing committee made factual findings consistent with the underlying facts set forth above. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined that respondent violated duties owed to the public of this State. Her actions were knowing and intentional when she falsified her domicile in an attempt to be elected as a juvenile court judge in Orleans Parish. Her actions caused harm to the public's trust in individuals seeking a position such as a judgeship. Respondent admitted that her behavior caused an undue burden on the legal system and shed a "negative light on the judiciary and legal profession." After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is suspension.
The committee determined that the following aggravating factors are present: a dishonest or selfish motive and substantial experience in the practice of law (admitted 1993). The committee determined that the following mitigating factors are present: absence of a prior disciplinary record, "cooperation with the investigation by the disciplinary counsel," imposition of other penalties or sanctions, and remorse. The committee did not find that respondent's issues with her personal family life had any bearing on her choice to falsify documents.
After further considering the prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, retroactive to the date of her interim suspension. Due to respondent's financial strains, the committee further recommended that she be assessed with one-half of the costs and expenses associated with this proceeding.
Respondent filed a notice of no objection to the hearing committee's report. In an appellate memorandum to the disciplinary board, the ODC found the committee's findings of fact and conclusions of law are supported by the record, but argued that the committee erred in recommending respondent be assessed with one-half of the costs and expenses associated with this proceeding. The ODC argued that all costs *1257 should be assessed against respondent at this time, as there are procedures available for her to challenge specific costs at the conclusion of her case.
Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous and are supported by the record, and that the committee correctly found respondent violated the Rules of Professional Conduct as charged.
The board determined that respondent knowingly and intentionally violated duties owed to the public of this State. As noted by the committee, her actions caused harm to the public's trust in individuals who seek election as a judge, an officer who upholds the law and the integrity of the judicial system. Her behavior caused an undue burden on the legal system and, as noted by the committee, shed "negative light on the judiciary and legal profession." The board agreed with the committee that the baseline sanction is suspension.
The board agreed with the committee's determination of aggravating factors and determined that the following mitigating factors are present: absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, imposition of other penalties or sanctions, and remorse. The board also agreed that respondent's issues with her personal family life had no bearing on her choice to falsify documents.
After further considering the prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year, retroactive to the date of her interim suspension. The board declined to adopt the committee's recommendation that respondent be cast with one-half of the costs and expenses of this proceeding. The board noted that respondents are generally provided an opportunity to execute a promissory note and work out a payment plan.[3] Moreover, at the conclusion of the case, respondent will be entitled to request a hardship exemption from the repayment of costs if she can present appropriate evidence showing that the payment of costs, even pursuant to the terms of a promissory note, would be a hardship for her.[4]
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct *1258 an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield , 96-1401 (La. 11/25/96), 683 So.2d 714 ; In re: Pardue , 93-2865 (La. 3/11/94), 633 So.2d 150.
Respondent pleaded guilty to a misdemeanor criminal offense involving statements as to her domicile in connection with qualifying as a candidate for public office. Respondent has acknowledged that her conduct violated Rules 8.4(a), 8.4(b), and 8.4(c) of the Rules of Professional Conduct. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent's ethical misconduct.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
There appears to be no dispute that this matter is guided by Richmond and that a one-year suspension from the practice of law is an appropriate sanction for respondent's misconduct. We agree, and accordingly, we will adopt the board's recommendation and suspend respondent from the practice of law for one year, retroactive to March 14, 2016, the date of her interim suspension.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Yolanda Julie King, Louisiana Bar Roll number 22096, be and she hereby is suspended from the practice of law for a period of one year, retroactive to March 14, 2016, the date of her interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

Johnson, C.J., recused.

La. R.S. 18:1461.3 provides in pertinent part as follows:
C. No person shall knowingly, willfully, or intentionally:
* * *
(4) Disobey any lawful instruction of a registrar, deputy registrar, commissioner-in-charge or commissioner or a law enforcement officer providing assistance to maintain order at a polling place.
* * *
D. Whoever violates any provision of Subsection C of this Section shall be fined not more than five hundred dollars or be imprisoned in the parish jail for not more than six months, or both.

Mr. Richmond's misconduct occurred while he was serving in the Louisiana Legislature.

Supreme Court Rule XIX, § 10.1(D) provides that "[a] lawyer ordered to pay costs and expenses shall do so within thirty days of the date upon which the assessment becomes final unless a periodic payment plan has been approved by the board and disciplinary counsel."

Rule XIX, Appendix A, Rule 7 provides in pertinent part as follows:
In any matter concluded by a final order of the board or by any decision or order of the Court which imposes discipline on the respondent, the board administrator shall file in the board record and shall serve on the respondent a supplemental itemized statement of costs incurred in the matter subsequent to the filing and serving of the first itemized statement and any prior supplemental itemized statements. Respondent shall have fifteen (15) days following service of the supplemental cost statement to file in the record and to serve on disciplinary counsel any objection to that cost statement. If any objection is filed, the administrator shall refer the cost statement and the objection to the board for a ruling on the objection.